UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MELANIE A. M. HINDS, on behalf of herself, and all
similarly situated employees,

                               Plaintiff,

    -against-

THE HOSPITAL FOR SPECIAL SURGERY, a/k/a
New York Society for the Relief of the Ruptured and
Crippled, Maintaining The Hospital for Special Surgery,

                               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF CASE**

Case No. 11 Civ. 3126 AKH

**DEFENDANT'S ANSWER,
DEFENSES, AND
COUNTERCLAIMS AGAINST
PLAINTIFF**

Defendant Hospital for Special Surgery a/k/a New York Society for the Relief of the

Ruptured and Crippled, Maintaining the Hospital for Special Surgery ("Defendant"), by its

attorneys, Epstein Becker & Green, P.C., for its Answer and Defenses to the Complaint filed by

Plaintiff Melanie A. M. Hinds ("Plaintiff"), and its Counterclaims Against Plaintiff, states as

follows:

**ANSWER**

1.     The allegations in Paragraph 1 of the Complaint constitute a legal conclusion to

which no response is required.  To the extent a response is required, and Defendant contends one

is not, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.     Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.     Defendant denies the allegations contained in Paragraph 3 of the Complaint,

except admits that it has annual gross revenue in excess of $500,000.00 and that it has hundreds

of employees engaged in work that affects interstate commerce.

- 2 -

4.      The allegations in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, and Defendant contends one is not, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiff was employed by Defendant for a period of time at its offices at 535 East 70th Street, New York, New York.

7.      The allegations in Paragraph 7 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, and Defendant contends one is not, Defendant refers the Court to the laws cited therein.

8.      The allegations in Paragraph 8 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, and Defendant contends one is not, Defendant refers the Court to the laws cited therein.

9.      The allegations in Paragraph 9 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, and Defendant contends one is not, Defendant admits that venue is proper in this district.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint, except admits that it hired Plaintiff for a position in the Department of Medicine.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that, among other duties, Plaintiff performed some administrative and some clerical duties for Mary Kuntz Crow, M.D.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint, except admits that, at some point during her employment with Defendant, Plaintiff was paid an annual salary that, when broken down, equated to a rate of pay of $43.96 per hour.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff occasionally worked more than 40 hours per week.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff was classified as exempt for a period of time during her employment with Defendant.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that on October 21, 2010, Plaintiff complained to Randi Karp, Director of Employee Relations, that she was entitled to overtime pay but had not been receiving it.

16.     Defendant admits the allegations contained Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits that Laughlin Rice is an Administrative Director.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that on November 22, 2010, Dr. Crow wrote about Plaintiff and avers that the writing speaks for itself.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint, except admits that in November 2010, Dr. Crow asked Plaintiff to set up a meeting for her 6-month review and invited Bruce Slawitsky, Vice President of Human Resources.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits that in November 2010, Dr. Crow and Laughlin Rice corresponded concerning Plaintiff's job description.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, except admits that on November 30, 2010, Laughlin Rice wrote to Dr. Crow and avers that the writing speaks for itself.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits that Dr. Crow gave Plaintiff a positive six-month review.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint, except admits that in December 2010, Bruce Slawitsky met with Plaintiff in his office and that he asked Plaintiff for an estimate of the amount of overtime she claimed to have worked.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint, except admits that on December 9, 2010, Laughlin Rice wrote about Plaintiff and avers that the writing speaks for itself.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint, except admits that on December 16, 2010, Laughlin Rice wrote to Human Resources about Plaintiff's vacation days and avers that the writing speaks for itself.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint, except admits that Bruce Slawitsky and Plaintiff discussed overtime on more than one occasion in December 2010 and that Plaintiff gave him an estimate of the amount of overtime she claimed to have worked.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint, except admits that, at some point during her employment with Defendant, Plaintiff was classified as non-exempt.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint, except admits that in January 2011, it paid Plaintiff overtime wages.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint, except avers that Plaintiff was never, and is not now, entitled to any payment for liquidated damages.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint, except admits that Defendant terminated Plaintiff's employment on February 17, 2011.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, except admits that Bruce Slawitsky provided Plaintiff with the reason for her termination—namely, that her position had been eliminated.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT I:
## FOR LIQUIDATED DAMAGES UNDER THE FLSA

40.     Defendant repeats and re-alleges its responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II:
## FOR LIQUIDATED DAMAGES UNDER THE NYLL

43.     Defendant repeats and re-alleges its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT III:
## FOR RETALIATION UNDER THE NYLL

46.     Defendant repeats and re-alleges its responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT IV:
## FOR RETALIATION UNDER THE FLSA

49.     Defendant repeats and re-alleges its responses to Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     There are no allegations in Paragraph 52 of the Complaint to which a response is required from Defendant.

53.     There are no allegations in Paragraph 53 of the Complaint to which a response is required from Defendant, but if there is, Defendant denies those allegations.

### RELIEF REQUESTED

To the extent there are allegations contained in the unnumbered paragraph of the Complaint labeled "Relief Requested" and beginning with "WHEREFORE" to which Defendant

must respond, which Defendant contends there is not, Defendant denies that Plaintiff is entitled

to the relief sought therein or in any of the lettered subparagraphs thereof, or to any relief

whatsoever.

## DEFENSES

### First Defense

Plaintiff's Complaint fails, in whole or in part, because it fails to state a claim upon which

relief can be granted.

### Second Defense

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may

have been due to her under the applicable laws and their corresponding regulations.

### Third Defense

The Complaint is barred, in whole or in part, and/or recovery is precluded, because if the

unlawful acts and/or omissions alleged in the Complaint were committed, which is denied, they

were not done willfully.

### Fourth Defense

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue

of any failure to exercise reasonable diligence to mitigate her alleged damages.

### Fifth Defense

To the extent Plaintiff was entitled to any overtime compensation, which is denied, at most

she was entitled to half-time compensation.

### Sixth Defense

The Complaint is barred in whole or part because Plaintiff has pled no alleged facts

demonstrating that she is entitled to recover liquidated damages and/or penalties.

## Seventh Defense

Defendant acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

## Eighth Defense

Plaintiff is barred from recovering based on the doctrines of laches, unclean hands, waiver, and/or estoppel.

## Ninth Defense

At all times Defendant acted in good faith and had reasonable grounds for believing its acts, if any, were not violative of the applicable laws.

## Tenth Defense

The claims for pre-judgment and/or post-judgment interest under the New York Labor Laws are preempted by the remedies provided by the Fair Labor Standards Act.

## Eleventh Defense

Plaintiff may not recover liquidated damages and a penalty under the New York Labor Law because such relief would amount to a double recovery.

## Twelfth Defense

To the extent Plaintiff seeks to pursue this matter as a class action, she must waive, and will be barred from recovering on, her claim for liquidated damages under the New York Labor Law.

### Thirteenth Defense

To the extent Defendant discovers evidence of acts or occurrences as to which it would have, if known to it, discharged Plaintiff, Plaintiff will be barred from recovery from Defendant from the point of such discovery.

### Fourteenth Defense

Plaintiff's FLSA retaliation claim is barred because she failed to file a formal complaint, institute a proceeding, or testify in any such proceeding, and the plain language of the relevant provision of the FLSA does not encompass complaints made to a supervisor.

### Fifteenth Defense

Defendant reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

### COUNTERCLAIMS AGAINST PLAINTIFF

### Count One:
### Breach of Duty of Good Faith, Loyalty, Fiduciary Duty, and Trust/Faithless Servant

1.      This is an action arising out of Plaintiff's failure to abide by her duty of good faith and loyalty during her employment with Defendant.

2.      Plaintiff was hired by Defendant on or about April 30, 2010, to work as the Executive Assistant to Mary Kuntz Crow, M.D. in the Department of Medicine.

3.      As Executive Assistant for the Department of Medicine, Plaintiff owed a duty of good faith to Defendant.

4.      As Executive Assistant for the Department of Medicine, Plaintiff owed a duty of loyalty to Defendant.

5.      As Executive Assistant for the Department of Medicine, Plaintiff owed a fiduciary duty to Defendant.

6.      As Executive Assistant for the Department of Medicine, Plaintiff owed a duty of trust to Defendant.

7.      As Executive Assistant for the Department of Medicine, Plaintiff had access to the use of a computer and computer information provided to her by Defendant for work-related purposes.

8.      As Executive Assistant for the Department of Medicine, Plaintiff had a duty to secure the computer and computer information provided to her by Defendant for work-related purposes.

9.      Defendant's e-mail system was intended for business use only and was, at all times relevant to this matter, considered the property of Defendant.

10.     As Executive Assistant for the Department of Medicine, Plaintiff was prohibited from using information stored in Defendant's e-mail systems for anything other than job-related purposes.

11.     If an employees leaves the employ of Defendant for any reason, she must return all of Defendants' property, including documents, materials, and files.

12.     Upon information and belief, Plaintiff, without authorization to do so or in excess of any authorization to do so and while still employed by Defendant, repeatedly accessed Dr. Crow's e-mails, which were password-protected and maintained on a Defendant-owned computer, downloaded them, printed them, and took them home with her.

14.     Upon information and belief, Plaintiff, without authorization to do so or in excess of any authorization to do so and while still employed by Defendant, repeatedly accessed

Laughlin Rice's e-mails, which were password-protected and maintained on a Defendant-owned computer, downloaded them, printed them, and took them home with her.

15.    Upon information and belief, Plaintiff still has possession of the e-mails and/or documents referenced in Paragraphs 13 and 14.

16.    As Executive Assistant for the Department of Medicine, Plaintiff was prohibited from acting in any manner inconsistent with her agency or trust duties and was at all times bound to exercise the utmost good faith and loyalty in the performance of her duties.

17.    Plaintiff acted inconsistent with her agency or trust duties by repeatedly accessing without authorization, or exceeding any authorization, downloading, printing, and taking home with her e-mails that had been sent to Dr. Crow and/or Mr. Rice, none of which were ever intended for Plaintiff's access or usage and many of which contain confidential and, in some cases, attorney-client privileged and attorney work product information, and by continuing to maintain said e-mails in her possession.

18.    Plaintiff violated Defendant's policies by repeatedly accessing without authorization, or exceeding any authorization, downloading, printing, and taking home with her e-mails that had been sent to Dr. Crow and/or Mr. Rice, none of which were ever intended for Plaintiff's access or usage and many of which contain confidential and, in some cases, attorney-client privileged and attorney work product information, and by continuing to maintain said e-mails in her possession.

19.    As a direct and proximate result of the above-described activities, Plaintiff is a faithless servant under New York's faithless servant doctrine.

20.     Under New York's faithless servant doctrine, Defendant has suffered damages, consisting of any salary, bonuses, and other compensation and/or benefits it paid to Plaintiff during her period of disloyalty.

21.     Under New York's faithless servant doctrine, Plaintiff must return all salary, bonuses, and other compensation and/or benefits that Defendant paid to Plaintiff during her period of disloyalty.

22.     In addition, as a result of Plaintiff's breach of her agency and trust duties, under New York's faithless servant doctrine, commencing the first date of any such breach, Plaintiff forfeited any of her claims for additional remuneration of any kind from Defendant.

23.     As a result of Plaintiff's breach of agency and trust duties to Defendant, Defendant has been damaged in an amount to be determined at trial, but no less than the amount of any salary, bonuses, or other compensation and/or benefits Plaintiff received from Defendant during the period of disloyalty.

## Count Two:
## Violation of the Electronic Communications Privacy Act
### 18 U.S.C. 2510, *et seq.*

24.     Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 23 of these Counterclaims.

25.     During her employment, Plaintiff repeatedly intercepted e-mails that had been sent to Dr. Crow and/or Mr. Rice, none of which were ever intended for Plaintiff's access or usage and many of which contain confidential and, in some cases, attorney-client privileged and attorney work product information.

26.     Plaintiff's interception of e-mails is a violation of the Electronic Communications Privacy Act.

27.     Defendant is entitled to recover damages in an amount to be determined at trial for Plaintiff's unlawful interception of e-mails.

## Count Three:
## Violation of the Stored Wire and Electronic Communications Act
### 18 U.S.C. 2701-2711

28.     Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 27 of these Counterclaims.

29.     During her employment, Plaintiff repeatedly and intentionally accessed without authorization, or intentionally exceeded an authorization to access, e-mails that had been sent to Dr. Crow and/or Mr. Rice, none of which were ever intended for Plaintiff's access or usage and many of which contain confidential and, in some cases, attorney-client privileged and attorney work product information.

30.     Plaintiff's intentional access without authorization, or intentional excess of an authorization to access, e-mails is a violation of the Stored Wire and Electronic Communications Act.

31.     Defendant is entitled to recover damages in an amount to be determined at trial for Plaintiff's unlawful intentional access without authorization, or intentional excess of an authorization to access, e-mails.

## Count Four:
## Conversion

32.     Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 31 of these Counterclaims.

33.     Upon information and belief, Plaintiff currently has in her possession numerous Defendant-owned documents, including e-mails that had been sent to Dr. Crow and/or Mr. Rice, none of which were ever intended for Plaintiff's access or usage and many of which contain

- 13 -

confidential and, in some cases, attorney-client privileged and attorney work product information.

34.     The items listed in Paragraph 33 above were, and still are, the property of Defendant.

35.     Despite Defendant's ownership of these items, however, Plaintiff knowingly and willfully converted these items from Defendant to advance her own personal interests.

36.     As a result, Defendant has been, and continues to be, harmed.

37.     The approximate value to Plaintiff of the items converted by her is unknown at this time.

38.     The approximate value of the detriment to Defendant caused by Plaintiff's conversion of the items listed in Paragraph 33 is unknown at this time.

39.     By virtue of the foregoing, Defendant is entitled to judgment against Plaintiff in an amount to be determined by the Court, together with costs, attorneys' fees, and interest, as the Court may allow.

## Count Five:
## Misappropriation

40.     Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 39 of these Counterclaims.

41.     By engaging in the acts of misconduct described above, Plaintiff knowingly, deliberately, and intentionally misappropriated Defendant-owned property to her own personal use.

42.     As a direct and proximate result of Plaintiff's misappropriation, Defendant has suffered damages in the amount of at least the value to Plaintiff of the items she has converted,

the value of the detriment suffered by Defendant as a result of Plaintiff's conversion of the items, together with costs, attorneys' fees, and interest, as the Court may allow.

43.     By virtue of the foregoing, Defendant is entitled to judgment against Plaintiff in an amount to be determined by the Court, together with costs, attorneys' fees, and interest, as the Court may allow.

**Count Six:**
**Declaratory Judgment**

44.     Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 43 of these Counterclaims.

45.     Had Defendant known of Plaintiff's breaches of her duties of loyalty and good faith, and of her conversion and misappropriation of Defendant-owned property, Defendant would have terminated Plaintiff's employment.

46.     By virtue of the foregoing, Defendant is entitled to declaratory judgment against Plaintiff.

WHEREFORE, Defendant prays for judgment against Plaintiff on its Counterclaims as follows:

a.     For compensatory and punitive damages against Plaintiff in an amount to be determined at trial;

b.     For disgorgement and return of all salary, bonuses, and other compensation and benefits paid by Defendant to Plaintiff during the period of her disloyalty;

c.     For attorneys' fees and costs of suit;

d.     A declaratory judgment that had Defendant known of Plaintiff's breaches of her duties of loyalty and good faith, and of her conversion and

misappropriation of Defendant-owned property, Defendant would have terminated Plaintiff's employment; and

e.      For such other relief as the Court may deem just and proper.


**WHEREFORE**, Defendant respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the Complaint with prejudice, award Defendant its costs, disbursements, and reasonable attorneys' fees, and grant Defendant such other and further relief as the Court deems just and/or proper.


Dated: New York, New York          Respectfully submitted,
       July 25, 2011

                                   EPSTEIN BECKER & GREEN, P.C.


                                   By:    s/ Amy J. Traub
                                          Amy J. Traub
                                          Jill Barbarino
                                   250 Park Avenue
                                   New York, New York 10177-1211
                                   (212) 351-4500
                                   *Attorneys for Defendant*
                                   *Hospital for Special Surgery a/k/a New York*
                                   *Society for the Relief of the Ruptured and*
                                   *Crippled, Maintaining the Hospital for Special*
                                   *Surgery*

TO:   Paul P. Rooney, Esq.
      Fugazy & Rooney LLP
      225 Broadway, 39th Floor
      New York, New York 10007
      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MELANIE A. M. HINDS, on behalf of herself, and all       :
similarly situated employees,                            :       **ECF CASE**
                                                         :
                                     Plaintiff,          :       Case No. 11 Civ. 3126 AKH
                                                         :
                -against-                                 :       **CERTIFICATE OF SERVICE**
                                                         :
THE HOSPITAL FOR SPECIAL SURGERY, a/k/a                   :
New York Society for the Relief of the Ruptured and      :
Crippled, Maintaining The Hospital for Special Surgery,  :
                                                         :
                                     Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I hereby certify that on this date I caused a true copy of Defendant's Answer, Defenses,

and Counterclaims Against Plaintiff and Defendant's Rule 7.1 Corporate Disclosure Statement to

be filed via Electronic Case Filing (ECF) with the Clerk of the United States District Court for

the Southern District of New York, and to be served upon Plaintiff via ECF to Paul P. Rooney,

Esq., Fugazy & Rooney LLP, attorneys for plaintiff, Melanie A.M. Hinds.  Parties may access this

filing through the Court's system.

Dated: July 25, 2011

                                        EPSTEIN BECKER & GREEN, P.C.


                                        By: /s/  Jill Barbarino
                                            Jill Barbarino
                                        250 Park Avenue
                                        New York, NY  10177-1211
                                        (212) 351-4500
                                        *Attorneys for Defendant*
                                        *Hospital for Special Surgery a/k/a New York*
                                        *Society for the Relief of the Reptured and Crippled,*
                                        *Maintaining the Hospital for Special Surgery*


FIRM:16337005v1