```
  1   UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
  2   ------------------------------x

  3   MELANIE HINDS,

  4                  Plaintiff,

  5             v.                            11 CV 3126 (AKH)

  6   HOSPITAL FOR SPECIAL SURGERY,

  7                  Defendant.

  8   ------------------------------x
                                              New York, N.Y.
  9                                           April 2, 2012
                                              3:45 p.m.
 10
      Before:
 11
                      HON. ALVIN K. HELLERSTEIN,
 12
                                              District Judge
 13
                              APPEARANCES
 14
      BORELLI & ASSOCIATES
 15        Attorneys for Plaintiff
      BY:  BENNITTA JOSEPH
 16
      EPSTEIN BECKER GREEN
 17        Attorneys for Defendant
      BY:  AMY J. TRAUB
 18        JILL BARBARINO

 19

 20

 21

 22

 23

 24

 25
```

1                    (In open court)
2              MS. JOSEPH:  Bennitta Joseph representing the
3      plaintiff Melanie Hinds.
4              MS. TRAUB:  Amy Traub and Jill Barbarino, Epstein
5      Becker & Green for the defendant.
6              THE COURT:  Here's how we'll work.  First, Ms. Traub,
7      do you have all the documents that you contend are privileged?
8              MS. TRAUB:  We do, your Honor.
9              THE COURT:  How many are there?
10             MS. TRAUB:  I believe there is 287 documents, your
11     Honor.
12             THE COURT:  Are all those documents listed on your
13     privilege log?
14             MS. TRAUB:  They are.
15             THE COURT:  Ms. Joseph, what we'll do is allow you
16     randomly to select 10 for me to examine.
17             MS. TRAUB:  For your Honor's review, correct?
18             THE COURT:  Right.  Do you have a copy of the
19     privilege log for me?
20             MS. TRAUB:  We do.  May I approach, your Honor?
21             THE COURT:  Yes.
22             MS. JOSEPH:  Your Honor, do you want me to show the
23     selections to counsel or state them?
24             THE COURT:  Just call them out.  We'll look at them
25     one by one.  You'll take a document and I'm going to look at

1    it, and then my feeling is that after I've looked at 10, we'll

2    find out that privilege or lack of privilege will extend to

3    many more.

4           MS. JOSEPH:  Okay.  Then I would like the Court to

5    look at 1 on the privilege log.

6           THE COURT:  That's an e-mail of November 18, 2010,

7    from Laughlin Rice to Randi Karp and others which is described

8    as a request for legal advice from in-house counsel.

9           May I see that document?

10          There is nothing of a privilege nature in this

11   document.  And I rule that it shall be disclosed.  All it is,

12   is a request for information.  Is there any update with regards

13   to the next steps with M. Hinds.  That does not indicate

14   anything of a legal nature.

15          MS. TRAUB:  Your Honor, if I may, this is one of

16   plaintiff's supervisors following up with in-house counsel and

17   specifically directing an inquiry to in-house counsel seeking

18   legal advice.

19          THE COURT:  The identification of who was seeking and

20   from whom something is sought is not privileged.  Only the

21   substance of what is communicated is privileged.  So this is

22   not a privileged document.

23          MS. JOSEPH:  Number 2.

24          THE COURT:  Well, I think you will be able to find

25   out, I suspect that number 2 relates to number 1.

1           MS. JOSEPH:  Yes, your Honor.

2           THE COURT:  Let me look at number 2.  Number 2 is an
e-mail from Randi Karp to Laughlin Rice November 19, 2010.  I
don't see this is privileged.  It's coming closer but I don't
see this is privileged.

6           MS. TRAUB:  If I can provide context.  The portion
that begins with the word second is a reiteration of the advice
of counsel, of in-house counsel, that was provided to human
resources.  Which human resources, Ms. Karp, is now forwarding.

10          THE COURT:  I think the object and the reason for the
advice may be privileged.  But the activity is so much in the
realm of what a company does, not to indicate anything of the
privileged nature.  It doesn't breach privilege, it only sets
up the context within which a privileged communication may have
occurred.

16          MS. TRAUB:  Your Honor, the advice was given not in
connection with a general audit of the position or with a
business concern.  It was generated in response to a complaint
by the plaintiff coupled by a threat of filing a claim with the
Defendant of Labor as well as a demand for payment of overtime.
And an accusation that the hospital had violated the law in
classifying her as an exempt employee.  Had it not been for
that complaint and those threats and that claim, this would not
have occurred at all.

25          MS. JOSEPH:  Your Honor, if I may.

1            THE COURT:  Yes.
2            MS. JOSEPH:  I believe what counsel is alluding to is
3    this somehow falls under the work product exception.  And I
4    would argue that it does not.
5            THE COURT:  Is that right, Ms. Traub?
6            MS. TRAUB:  We are contending it is both an
7    attorney-client privilege communication as it recites advice
8    from in-house counsel as well as work product.
9            THE COURT:  I don't think it is work product.  I won't
10   allow that.  I'm thinking of it as a possible attorney-client
11   privilege, and particularly the first sentence in the third
12   paragraph.
13           MS. TRAUB:  Correct.
14           MS. JOSEPH:  Obviously I can't see what your Honor is
15   looking at.  What the case law does make clear is whether the
16   e-mail objectively articulates that legal advice is being given
17   or it's being given at the behest of counsel.
18           THE COURT:  It does.  It does.
19           MS. JOSEPH:  Counsel's interpretation, it does not
20   apply.
21           THE COURT:  I rule it's privileged.
22           MS. JOSEPH:  I would ask to the extent -- what the
23   case law also demonstrates is that only portions of the e-mail
24   that specifically addresses --
25           THE COURT:  I am aware of that, Ms. Joseph.  The rest

C423HINC

1   of it is irrelevant.  Not worth the redaction.
2            MS. JOSEPH:  Item number 4.
3            THE COURT:  Item number 4 is an e-mail of November 19,
4   2010 from Laughlin Rice to Mary Kuntz Crow.  I'm looking at the
5   description, and number 2 does not do anything more than say
6   the same thing that's in the description.  The same as number
7   4.
8            These are not privileged.  They're already discussed
9   in the description on the log.  It is actually the same copy.
10           MS. TRAUB:  No, your Honor.
11           THE COURT:  Something at the top, I see.
12           MS. TRAUB:  Correct.  Number 4 is the manager sending
13  to the other manager the privileged e-mail that's set forth
14  below.
15           THE COURT:  There is no privilege in this.  This
16  should be disclosed.
17           MS. TRAUB:  Your Honor --
18           THE COURT:  So should number 2.  I changed my mind
19  with number 2.  Number 2 should be disclosed as well.  It
20  doesn't do anything more than what is in the description.
21           MS. TRAUB:  It sets forth and reiterates in-house
22  counsel's specific direction and advice as to what to do in
23  response to the complainer.
24           THE COURT:  It goes beyond advice of giving direction.
25  It is what is happening in a company.

1           MS. TRAUB:  But it's not as part of a general business
2   manner.
3           THE COURT:  I've heard you.  No, it's not privileged.
4   So 1, 2 and 4 should be disclosed.
5           MS. JOSEPH:  Item --
6           THE COURT:  Except, Ms. Traub, except for the concern
7   that voluntary disclosure of a document like this might be
8   construed as a waiver, you really have no concern with these
9   documents.  They're so innocuous as to be meaningless.  And if
10  I assure you that you would have not constituted a waiver by
11  producing these documents, I think you might want to produce
12  them and got on with the case.
13          MS. TRAUB:  I appreciate that, your Honor.  I think
14  there may be an argument that there will be harm by virtue of
15  producing these.  This entire binder relates to the advice of
16  counsel that came out of this complaint.  And the items that
17  followed and the advice that followed.
18          THE COURT:  It is discussing revision of a job
19  description at direction of in-house counsel.  That's the
20  description and that's what is happening in the memo.  I don't
21  think you'd lose anything.
22          MS. TRAUB:  Okay.
23          THE COURT:  You are not going to lose the case on this
24  point, I tell you that.
25          MS. JOSEPH:  Item number 9 on the second page of the

1   privilege log.
2              THE COURT:  An e-mail of November 22, 2010 from Bruce
3   Slawitsky to Laughlin Rice and Randi Karp.
4              MS. JOSEPH:  You said November 22, 2010?
5              THE COURT:  Yes.
6              MS. JOSEPH:  2:14.
7              THE COURT:  Number 14 or number 9?
8              MS. JOSEPH:  It is all in the same entry, it's 9, 14,
9   17.  I thought it was all the same e-mail.
10             THE COURT:  I don't know.  I'm looking.  Which one do
11  you want me to look at?
12             MS. JOSEPH:  E-mail that was sent on November 22 at
13  2:14 p.m. from Dr. Mary Kuntz Crow to Randi Karp, Richard
14  Crowley, Bruce Slawitsky and Laughlin Rice.
15             THE COURT:  What exhibit number?
16             MS. JOSEPH:  I have several numbers attached to this
17  e-mail.  I have number 9, 14, 17, PL 100, 177 through 178.
18             THE COURT:  They're all different documents.
19             MS. TRAUB:  The document to which she's referring is
20  this one.  We believe.
21             THE COURT:  I'll give you back the other one then.
22             MS. TRAUB:  Thank you.
23             THE COURT:  What number is it?
24             MS. BARBARINO:  Number 7, your Honor.
25             THE COURT:  Number 7.  It is an e-mail from

1    November 22, 2010, from Mary Kuntz Crow to Randi Karp and
2    others.  This discusses various approaches to litigation.  And
3    is privileged.
4            MS. JOSEPH:  I would argue that there could be an
5    implied waiver to the privilege.  To the extent that the
6    defense was asserting that good faith attempts were being made
7    to investigate Ms. Hind's status, it is now over a month since
8    she made the inquiry regarding her status.  To the extent this
9    e-mail may or may not reflect that, I would ask the Court to
10   consider it in that context.  In other words --
11           THE COURT:  I think it is properly within the
12   privilege of work product.
13           MS. JOSEPH:  Well, in other words, your Honor, what
14   the case law makes clear is that when defense counsel asserts a
15   good faith affirmative defense, as they have done in this case,
16   the client's mindset and motives become relevant.  So to the
17   extent that any of these e-mail goes to that, and go to rebut
18   their argument that they were acting in good faith and in
19   compliance with the law, we ask that the e-mail be disclosed on
20   that basis.
21           THE COURT:  I rule that the e-mail cannot be used by
22   the defendant for any purpose in the case.
23           MS. TRAUB:  Thank you, your Honor.  To clarify, we
24   have not asserted a good faith defense with respect to the
25   classification of her position following --

C423HINC

1        THE COURT:  If I'm upholding privilege, you can't use
2   the document.
3        MS. TRAUB:  Correct.  Understood.
4        THE COURT:  Next.
5        MS. JOSEPH:  Item 14 and 17.  It is an e-mail on
6   November 22, sent at 6:01 p.m. from Bruce Slawitsky to Laughlin
7   Rice and Randi Karp.
8        THE COURT:  Is it the same memo.
9        MS. JOSEPH:  I cannot tell from looking at the log,
10  your Honor.
11       MS. TRAUB:  It is, your Honor.
12       THE COURT:  Take another try, Ms. Joseph.
13       MS. TRAUB:  I think she's referring to the one above
14  it which forwards it and discusses counsel.
15       THE COURT:  This is the same thing I read.  Same
16  ruling.
17       MS. JOSEPH:  Your Honor, is there any indication from
18  these e-mails they are being sent at the behest of counsel or
19  at the instruction --
20       THE COURT:  Sorry?
21       MS. JOSEPH:  Is there any indication from these
22  e-mails that they're being sent at the behest of counsel?
23       THE COURT:  Yes.  It is counsel's communication within
24  a group that is receiving the advice.
25       MS. JOSEPH:  Item 50, e-mail sent December 6, 2010, at

1    4:59 p.m. from Bruce Slawitsky to Dr. Mary Kunts Crow.

2             THE COURT:  It is part of the same activity as the
3    previous memorandum and I rule is privileged.

4             MS. JOSEPH:  I would just like to note for the record
5    that defense counsel has repeatedly stated in their memo and
6    recently in this courtroom that with respect to their
7    affirmative defense it was limited to the initial
8    classification of the plaintiff.  Where in their answer, there
9    is no limitation placed on their affirmative defense with
10   respect to good faith.  And your Honor, I would ask that you
11   read these e-mails in the context of whether or not the
12   defendants are acting in good faith and in compliance with the
13   law as they assert in their answer to see whether the privilege
14   has been waived.

15            THE COURT:  I rule it is privileged.

16            MS. JOSEPH:  Your Honor, just for the record, just for
17   the record, are there communications specifically at the advice
18   of counsel in that e-mail?

19            THE COURT:  Yes.

20            MS. JOSEPH:  And in viewing the e-mail, there is no
21   implication of bad faith on the part of the defendant?

22            THE COURT:  I can't see bad faith or good faith or any
23   kind of faith.  There are activities involved in terms of what
24   counsel is advising in how to deal with the litigation.  Which
25   constitutes satisfaction of both the attorney-client and the

```
 1   work product privileges.
 2           MS. JOSEPH:  I understand, your Honor, but in the
 3   context --
 4           THE COURT:  Ms. Joseph, let's proceed.
 5           MS. JOSEPH:  57 and 60.
 6           THE COURT:  The first page, why is it being withheld,
 7   Ms. Traub?
 8           MS. TRAUB:  Pardon me, your Honor.  I'm just
 9   reviewing.
10           THE COURT:  The first page of the memo from Laughlin
11   Rice.
12           MS. TRAUB:  Because it is communications forwarding
13   the revised job description.
14           THE COURT:  That doesn't make it privileged.
15           MS. TRAUB:  It also references at the bottom of the
16   page a follow-up meeting with in-house counsel.
17           THE COURT:  That doesn't make it privileged.  It is
18   not the meeting, it's what's inside the meeting.
19           MS. TRAUB:  Additionally, your Honor, in-house counsel
20   is copied on the communication.
21           THE COURT:  It doesn't make any difference.  The
22   communication is what is on page 2.  That's privileged.
23           MS. TRAUB:  Okay.  We will produce the first page,
24   your Honor.
25           THE COURT:  And the same thing with the second memo.
```

C423HINC

1   And I want you to apply this rule throughout. It is only the
2   substance of the conversation that's privileged. That's either
3   the request for legal advice or the giving of legal advice or
4   the description of positions to be taken in the litigation.
5   That's what privilege is confined to.
6           MS. TRAUB: Your Honor, we --
7           THE COURT: I ask you to go through every one of these
8   documents and produce everything else.
9           MS. TRAUB: We will, your Honor. There are several
10  already, many already where we have extracted the
11  non-privileged portions and produced those to Ms. Joseph. This
12  happens to be one we did not.
13          THE COURT: Do that. Two more, Ms. Joseph.
14          MS. JOSEPH: Item 81 and 83, the e-mail December 13,
15  2010, sent at 3:39 p.m. from Dr. Mary Kuntz Crow to Rice
16  Laughlin copying Bruce Slawitsky. Page eight of the privilege
17  log.
18          MS. TRAUB: Ms. Joseph, you said December 13, right?
19          MS. JOSEPH: Hold on. Yes, December 13, sent at
20  3:39 p.m. Author Dr. Mary Kuntz Crow to Rice Laughlin, copying
21  Bruce Slawitsky.
22          THE COURT: Privileged. The same reason as before and
23  the same subject as before. If you want to try different
24  categories, Ms. Joseph? Because your examples are all the
25  same.

1          MS. JOSEPH:  Your Honor, it is my position that they
2     were basically discussing the same subject over and over and
3     over again.
4          THE COURT:  Then I've ruled.  I know your point and
5     I've made my ruling.
6          So, I take it now that we've really exhausted our
7     different kinds of examples, and Ms. Traub can review all that
8     she's done and give you the substance, give you everything but
9     the substance of the information.
10          MS. JOSEPH:  Your Honor, if I may just look.  122,
11     page 11.  E-mail from Mary Kuntz Crow to Bruce Slawitsky.
12          THE COURT:  122?
13          MS. JOSEPH:  Yes.
14          THE COURT:  These are privileged.  Last one,
15     Ms. Joseph.
16          MS. JOSEPH:  E-mail, 171, I see 171, 173, 178, PL 143,
17     149, 152, 155 all in the same e-mail.  It is dated January 10
18     of 2011 sent from Dr. Slawitsky to Dr. Mary Kuntz Crow.  It is
19     the last e-mail referenced.
20          THE COURT:  Page 13.
21          MS. JOSEPH:  Yes.
22          There are several numbers that correspond with it.
23     Your Honor, actually, there was an e-mail referenced on the
24     initial privilege log that --
25          THE COURT:  You want to withdraw that?

C423HINC

1           MS. JOSEPH:  Yes.
2           THE COURT:  And ask for something else.
3           MS. JOSEPH:  Yes.  PL 88.
4           THE COURT:  What number?
5           MS. JOSEPH:  It is PL 88 on the initial privilege log.
6  This was not the one that we have, but it was the first
7  privilege log that counsel submitted.
8           THE COURT:  You can do it on a supplemental privilege
9  log March 2012.
10          MS. TRAUB:  Your Honor, you won't find it because we
11 thereafter determined that it does not belong on the privilege
12 log so we produced it.
13          MS. JOSEPH:  You produced it?  Okay.  When did you
14 produce it?
15          MS. TRAUB:  During our --
16          THE COURT:  Let's do that later.  One more,
17 Ms. Joseph.
18          MS. JOSEPH:  PL 99.
19          THE COURT:  What is the number on this one?
20          MS. JOSEPH:  It is on the first page, number 5, 10,
21 15, 17, 20 --
22          THE COURT:  These are the same things we've done
23 before.  All having to do with the revisions of the job
24 description.  I think you've had my rulings on this.
25          All right, folks.  Work it out based on what I said.

C423HINC

1   Thank you.
2            MS. TRAUB:  Thank you, your Honor.
3            MS. JOSEPH:  Your Honor, just for clarification, your
4   ruling as I understand it is they are to turn over --
5            THE COURT:  I stated my ruling, Ms. Joseph.  I'm not
6   going to repeat it.
7                                o0o