UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
MELANIE A. M. HINDS, on behalf of herself,  :
and all similarly situated employees,          :
                                                              :
                            Plaintiff,              :
                                                              :     Case No. 11 Civ. 3126 (AKH)
                                                              :
                - against -                            :
                                                              :
                                                              :
THE HOSPITAL FOR SPECIAL SURGERY,   :
a/k/a New York Society for the Relief of the   :
Ruptured and Crippled, Maintaining The        :
Hospital for Special Surgery,                     :
                                                              :
                            Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION FOR PROTECTIVE ORDER AND AN IMMEDIATE STAY OF DISCOVERY

Amy J. Traub
Jill Barbarino
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4812

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

SUMMARY OF RELEVANT FACTS ........................................................................................1

ARGUMENT .................................................................................................................................3

I. "GOOD CAUSE" EXISTS TO GRANT A PROTECTIVE ORDER AND
   IMMEDIATE STAY OF DISCOVERY PENDING DETERMINATION OF
   HSS'S MOTION FOR SANCTIONS/DISMISSAL, AND IS FURTHER
   NECESSARY TO CONSERVE COURT RESOURCES AND PREVENT THE
   PARTIES FROM SUFFERING UNDUE BURDEN OR EXPENSE................................3

   A. HSS Has Filed a Dispositive Motion That Potentially Eliminates This Entire
      Action...................................................................................................................... 4

   B. Any Stay of Discovery Would Be for a Short Period of Time and Would Not
      Prejudice Hinds. ..................................................................................................... 5

CONCLUSION..............................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**                                                                           **PAGE(S)**

*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*,
   561 F.3d 1298 (11th Cir. 2009) ...........................................................................................5

*Leor Exploration & Prod., LLC v. Aguiar*,
   Nos. Civ. 09-60136/09-60683, 2010 WL 3782195 (S.D. Fla. Sept. 28, 2010) ........................5

*Lipin v. Bender*,
   84 N.Y.2d 572 (1994) ....................................................................................................4, 5

*Spencer Trask Software and Info. Servs., LLC v. Rpost Int'l Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ...................................................................................3, 4

*United States v. Cnty. of Nassau*,
   188 F.R.D. 187 (E.D.N.Y. 1999) ...................................................................................4, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c) .......................................................................................................1, 3

**TABLE OF SUPPORTING PAPERS**

1.      Defendant's Notice of Motion for Protective Order and an Immediate Stay of Discovery;

2.      Defendant's Memorandum of Law In Support of Its Motion for Protective Order and an Immediate Stay of Discovery; and

3.      Affirmation of Amy J. Traub, Esq. in Support of Defendant's Motion for Sanctions in the Form of Dismissal of Plaintiff's Lawsuit and Motion for Protective Order and Immediate Stay of Discovery, attaching the following exhibits:

> **Exhibit A** – A true and correct copy of the Complaint, filed on May 9, 2011;
>
> **Exhibit B** – A true and correct copy of HSS's Answer, Defenses, and Counterclaims Against Plaintiff, filed on July 25, 2011;
>
> **Exhibit C** – A true and correct copy of Plaintiff's "Reply" to Defendant's Counterclaims;
>
> **Exhibit D** – A true and correct copy of a letter from Amy J. Traub, Esq. to Paul P. Rooney, Esq., dated August 30, 2011;
>
> **Exhibit E** – A true and correct copy of letter from Paul P. Rooney, Esq. to Amy J. Traub, Esq., dated September 6, 2011;
>
> **Exhibit F** – A true and correct copy of a letter from Amy J. Traub, Esq. to Paul P. Rooney, Esq., dated September 8, 2011;
>
> **Exhibit G** – A true and correct copy of Plaintiff's Supplemental Responses and Objections to Defendants' [sic] First Set of Interrogatories, signed on April 11, 2012;
>
> **Exhibit H** – A true and correct copy of a letter dated October 20, 2011, from Amy J. Traub, Esq. to Paul P. Rooney, Esq., enclosing a privilege log;
>
> **Exhibit I** – A true and correct copy of the Memorandum of Law in Support of Plaintiff's Counsel's Motion to Withdraw;
>
> **Exhibit J** – A true and correct copy of the Court's January 23, 2012 Order;
>
> **Exhibit K** – A true and correct copy of a letter from Michael J. Borrelli, Esq. to the Honorable Alvin K. Hellerstein, dated December 15, 2011;

**Exhibit L** – A true and correct copy of Plaintiff's Amended Complaint, filed on March 9, 2012;

**Exhibit M** – A true and correct copy of the transcript of the April 2, 2012 hearing; and

**Exhibit N** – A true and correct copy of a joint letter to the Honorable Alvin K. Hellerstein, dated May 1, 2012.

Pursuant to Fed. R. Civ. P. 26(c), Defendant Hospital for Special Surgery a/k/a New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery ("HSS"), by its attorneys, Epstein Becker & Green, P.C., respectfully submits this memorandum of law in support of its Motion for Protective Order and an Immediate Stay of Discovery pending determination of its Motion for Sanctions in the Form of Dismissal of Plaintiff's Lawsuit ("Motion for Sanctions/Dismissal").

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), a court has discretion to grant a protective order and stay discovery for "good cause" shown.  "Good cause" exists to grant a protective order and stay further discovery in this case because HSS has filed a dispositive motion (Motion for Sanctions/Dismissal) that potentially eliminates this entire action, the stay would be for a short period of time, and Plaintiff Melanie A.M. Hinds ("Hinds") will not be prejudiced by the stay.  A protective order and immediate stay of discovery pending resolution of the Motion for Sanctions/Dismissal is further warranted to preserve Court resources and prevent the parties from incurring additional fees and suffering undue burden and expense by having to take costly depositions and pursue outstanding discovery disputes.  Accordingly, HSS respectfully requests that the Court grant this motion and stay discovery until such time as the Motion for Sanctions/Dismissal is decided.

## SUMMARY OF RELEVANT FACTS

Hinds was hired by HSS on or about May 10, 2010, to work as the Executive Assistant to Mary Kuntz Crow, M.D. ("Dr. Crow") in the Department of Medicine.  (*See* Affirmation of Amy J. Traub In Support of Defendant's Motion for Sanctions in the Form of Dismissal of Plaintiff's Lawsuit and Motion for Protective Order and an Immediate Stay of Discovery ("Traub Aff."),

Exhibits ("Ex.") A, B.)[1]  While employed by HSS, over the course of approximately four months, Hinds accessed privileged and confidential e-mails of her supervisor, Dr. Crow, and a coworker, Laughlin Rice ("Rice"), containing the legal advice, mental impressions, and work product of in-house and outside counsel, printed, copied, and removed these e-mails from HSS premises, and committed other e-mails to memory.  (*See id.*, Ex. B ¶¶ 12, 14, p. 10.)  When Hinds filed her Complaint on May 9, 2011, she used, and in some cases directly quoted, the privileged and confidential e-mail communications that she stole to form the basis of her allegations and litigation strategy against HSS.  (*See, e.g., id.*, Ex. A ¶¶ 19, 21, and 27.)  On July 25, 2011, HSS filed Counterclaims against Hinds based on the fact that Hinds had improperly accessed and stolen privileged and confidential e-mail communications.  (*See id.*, Ex. B.)  In her Reply to the Counterclaims, filed on August 15, 2011, Hinds admitted that she had accessed, printed, and removed e-mails of Dr. Crow and Rice from HSS premises.  (*Id.*, Ex. C ¶ 49.)  On March 9, 2012, Hinds filed an Amended Complaint, raising new allegations of retaliation against HSS for having filed its Counterclaims on July 25, 2011.  (*See id.,* Ex. L.)  The Amended Complaint contains the exact same quotes from HSS's privileged communications as the original Complaint and appears to predicate its new claims on privileged communications viewed (and mischaracterized) by Hinds.  (*Cf.* Traub Aff. Ex. A, ¶¶ 19, 21, and 27 and Ex. L, ¶¶ 19, 21, and 27.)

---

[1] For the Court's convenience, the Traub Affirmation in support of the instant motion and HSS's Motion for Sanctions/Dismissal has been submitted with the Motion for Sanctions/Dismissal, also filed today, June 15, 2012.

## ARGUMENT

**I.   "GOOD CAUSE" EXISTS TO GRANT A PROTECTIVE ORDER AND IMMEDIATE STAY OF DISCOVERY PENDING DETERMINATION OF HSS'S MOTION FOR SANCTIONS/DISMISSAL, AND IS FURTHER NECESSARY TO CONSERVE COURT RESOURCES AND PREVENT THE PARTIES FROM SUFFERING UNDUE BURDEN OR EXPENSE.**

Rule 26(c) of the Federal Rules of Civil Procedure, provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery.

Fed. R. Civ. P. 26(c).   Accordingly, "a court has discretion to stay discovery 'for good cause shown.'" *Spencer Trask Software and Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (*quoting* Fed. R. Civ. P. 26(c)).   "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id*.   Moreover, "'[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Id*. (*quoting Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).   Finally, a protective order and stay of discovery is permitted where it will preserve Court resources and prevent the parties from incurring additional fees and suffering undue burden and expense.   *See* Fed. R. Civ. P. 26(c).

"Good cause" exists to grant a protective order and stay discovery because HSS has filed a dispositive motion that potentially eliminates this entire action, the stay is for a short period of time, and Hinds will not be prejudiced by the stay, and is further necessary to conserve Court resources and prevent the parties from incurring additional fees and suffering undue burden and expense.

**A.      HSS Has Filed a Dispositive Motion That Potentially Eliminates This Entire
Action.**

As set forth above and in the Traub Affirmation, HSS has moved to dismiss Hinds's claims, in their entirety, as a sanction, pursuant to the Court's inherent powers, for her wrongful invasion and exploitation of HSS's confidential communications containing attorney-client privileged legal advice, mental impressions, litigation strategy, and other work product.  (*See* Motion for Sanctions/Dismissal (June 15, 2012.))  Specifically, and as set forth in HSS's Motion for Sanctions/Dismissal, Hinds admits that she repeatedly accessed the e-mails of her supervisor and a coworker, in time, as events were occurring, with full knowledge that she was never meant to be privy to the communications she so boldly reviewed, and fully aware that she was reading attorney-client privileged legal advice and work product.  (*See id.*)  She then used that information to form the basis of the allegations set forth in her Complaint and Amended Complaint and to develop litigation strategies throughout this lawsuit in an effort to gain tactical advantages over HSS.  (*See id.*)  The information Hinds reviewed and/or stole can never be purged from her memory, and her knowledge has tainted, and will forever taint, this litigation.

As set forth in detail above, in the Traub Affirmation, and in the Motion for Sanctions/Dismissal, HSS has substantial arguments weighing in favor of dismissal of this entire action—a factor this Court must take into account in determining whether a stay of discovery might be warranted. *See Spencer Trask*, 206 F.R.D. at 368 (granting stay of discovery where defendants had "substantial arguments for dismissal"); *United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) (same); *see also Lipin v. Bender*, 84 N.Y.2d 572, 572-73 (1994) (affirming dismissal of plaintiff's employment discrimination claims where she deliberately read, stole, and copied attorney-client privileged documents of defendants that contained legal advice relating to plaintiff's termination and attempted to use the privileged

information to gain a tactical advantage in the litigation and observing that "[p]laintiff's knowledge of course can never be purged"); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1302-03 (11th Cir. 2009) (where individual defendant intercepted privileged communications between Eagle Hospital's personnel and its attorneys and then attempted to use them to gain advantage in litigation, court struck individual defendant's answer and counterclaims because he could never "unlearn" the privileged information); *Leor Exploration & Prod., LLC v. Aguiar*, Nos. Civ. 09-60136/09-60683, 2010 WL 3782195 (S.D. Fla. Sept. 28, 2010) (where defendant gained unfair advantage in litigation by obtaining unauthorized access to privileged e-mail communications of plaintiffs, dismissal was appropriate sanction).

Because HSS has filed a dispositive motion that potentially eliminates this entire action, "good cause" exists to grant a protective order and to stay any further discovery until the dispositive motion is decided.

**B.      Any Stay of Discovery Would Be for a Short Period of Time and Would Not Prejudice Hinds.**

Additionally, any stay of discovery would be for a short period of time and would not prejudice Hinds.  As an initial matter, HSS has no doubt that the Court will, as it has with all issues in this case, decide HSS's Motion for Sanctions/Dismissal expeditiously.  Accordingly, there is no reason to believe that a stay will result in any significant delay in this case.

Furthermore, a stay will not cause any prejudice to Hinds, particularly where discovery has already been conducted and Hinds recently requested a 90-day extension of the discovery deadline through September 17, 2012.  (*See* Traub Aff. ¶ 22, Ex. N.)  Throughout the course of this litigation, HSS has made good faith efforts to abide by the Court's discovery schedule. Specifically, in the past several months, the parties have exchanged written discovery, attended a hearing to resolve a dispute regarding HSS's privilege log, prepared joint letters to the Court

regarding discovery deficiencies and disputes, conducted some third-party discovery, and scheduled Hinds's deposition (July 12) as well as two of four HSS depositions (July 17 and 19).[2] (*See id.* ¶ 21.)  Thus, there would be no prejudice to Hinds if a stay of any further discovery were entered.  *See Spencer Trask*, 206 F.R.D. at 368 (stay of discovery did not prejudice plaintiffs); *County of Nassau*, 188 F.R.D. at 188-89 (no showing that stay of discovery would prejudice plaintiff).  Moreover, Hinds would be hard-pressed to now argue that a stay of discovery would somehow prejudice her when her counsel recently requested a 90-day extension of the discovery deadline through September 17.  (*See* Traub Aff. ¶ 22, Ex. N.)

Conversely, a denial of a stay on discovery would severely prejudice HSS in that it would cause both parties to incur additional fees and suffer undue burden and expense by having to take costly depositions (five in total) and pursue outstanding discovery disputes (the parties had been working on finalizing a joint letter to the Court regarding Hinds's discovery deficiencies), while HSS's dispositive motion is pending.  Moreover, a stay is necessary to prevent Hinds from further exploiting her knowledge of HSS's highly confidential and privileged communications and to prevent further abuse of the judicial process.  Indeed, if HSS were to take Hinds's deposition on July 12, her testimony would unavoidably be influenced by the litigation strategy, scripts of conversations, versions of events, and other mental impressions and legal advice of HSS in-house and outside counsel that she viewed.  In fact, Hinds quotes attorney-client privileged e-mail communications in her Complaint and Amended Complaint, making it impossible for HSS to question Hinds about these allegations, without essentially requesting that she further disclose its attorney-client privileged communications.  Further, if Hinds were to

---

[2] The remaining two depositions are of Dr. Crow and a Rule 30(b)(6) witness. Dr. Crow has been out of the country or otherwise unreachable and, therefore, has not been able to provide her availability for deposition as of yet.  (*See id.* ¶ 21, n. 5.)  Additionally, to the extent a stay of discovery is not entered, HSS intends to object to certain portions of the Rule 30(b)(6) notice, as HSS is unable to identify anyone to testify, given the overbreadth of those portions.

FIRM:18816011

assist her counsel in preparing for the depositions of HSS employees (which she certainly is expected to do), she would inevitably reveal (whether intentionally or not) HSS's privileged communications to her counsel, thereby further tainting this litigation and forcing HSS witnesses to defend statements about the nature, scope, and future of Hinds's employment, which were rightfully intended to be privileged. Moreover, defense counsel will be placed in the awkward position of analyzing each question to ascertain whether it appears to be based on privileged communications or work product wrongfully accessed by Hinds and whether to assert an objection as to the inquiry in order to preserve the privilege. Accordingly, a stay is warranted to prevent both parties from incurring additional fees and suffering undue burden and expense while the dispositive motion is being decided, and to ensure no further prejudice to HSS.

Finally, a protective order and immediate stay of discovery pending resolution of the Motion for Sanctions/Dismissal is further warranted to preserve Court resources in having to adjudicate outstanding discovery disputes between the parties, including Hinds's discovery deficiencies and suspected spoliation of evidence, as well as disputes over the Rule 30(b)(6) Notice, while the dispositive motion is being decided.

FIRM:18816011

## CONCLUSION

For the reasons set forth above, HSS respectfully requests that the Court grant its motion

for protective order and an immediate stay of discovery pending resolution of its Motion for

Sanctions/Dismissal.

Dated:    June 15, 2012

<div style="margin-left: 50%;">

*Respectfully submitted,*

EPSTEIN BECKER & GREEN, P.C.

/s/ Amy J. Traub
Amy J. Traub
Jill Barbarino
250 Park Avenue
New York, New York 10177
Phone: 212.351.4500

*Attorneys for Defendant Attorneys for*
*Defendant Hospital for Special Surgery*
*a/k/a New York Society for the Relief of the*
*Ruptured and Crippled, Maintaining the*
*Hospital for Special Surgery*

</div>

FIRM:18816011